UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.           )<br>)<br>AARON LOVE            )<br>)<br>    Defendant.     ) | CASE NO. 1:00-CR-055 |

**OPINION AND ORDER**

Before the court is petitioner, Aaron Love's "Rule 60(b) Motion for Relief" filed on February 15, 2006. The Government responded on February 27, 2006 to which Love replied on March 20, 2006. For the following reasons, Love's motion will be DISMISSED for LACK OF JURISDICTION and his petition deemed a successive petition pursuant to 28 U.S.C. §2255 for which prior authorization from the Seventh Circuit Court of Appeals is required.

**DISCUSSION**

On August 13, 2000, a jury convicted Love of being a convicted felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1) and 924(e). On May 17, 2001, the undersigned sentenced Love to 188 months imprisonment. Love did not file a direct appeal but, the undersigned granted Love's petition pursuant to 28 U.S.C. §2255 wherein he contended that he directed the clerk to file an appeal on his behalf and no such appeal was filed. After vacating the criminal judgment, the undersigned resentenced Love to 188 months imprisonment. Thereafter, Love, through counsel, filed an appeal. After a review of the *Anders* brief filed by Love's counsel, the Court of Appeals issued an unpublished opinion dismissing the appeal. On July 12, 2004, Love then filed a petition pursuant to 28 U.S.C. §2255 wherein he raised twelve (12) grounds for relief. In a detailed Opinion, dated

1

February 14, 2005, the undersigned denied Love's petition. Love appealed this decision and on September 20, 2005, the Seventh Circuit dismissed the appeal stating that it "had reviewed the final order of the district court and the record on appeal. We find no substantial showing of the denial of a constitutional right."

The present motion is Love's latest attempt to vacate his conviction and sentence, this time using Fed.R.Civ.P. 60(b) in an attempt to have this court alter its prior order denying his §2255 petition. The Government urges that the instant petition is functionally the equivalent of a successive habeas petition and should be dismissed for lack of jurisdiction. In turn, Love relies on a recent Supreme Court case, *Gonzalez v. Crosby,* --- U.S. ----, ----, 125 S.Ct. 2641, 2648, 2651 (2005) as a basis for permitting him to seek relief under Fed.R.Civ.P. 60(b). However, as is demonstrated below, he misapplies the holding in that case to his present petition.

The Court in *Gonzalez* held that a motion under Rule 60(b) containing certain claims--such as when a petitioner claims that a subsequent change in substantive law is a reason justifying relief from a previous denial of a claim--"is, if not in substance, a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' [§ 2254]." *Id.* In so finding, the Court approved the holdings of the Seventh Circuit and its sister circuits in cases such as *Dunlap v. Litscher,* 301 F.3d 873, 876 (7th Cir.2002) (finding that § 2244(b)(2) and § 2255 ¶ 8 bar a district court from using a Rule 60(b) motion "to give a prisoner broader relief from a judgment rendered by the court in the prisoner's federal habeas corpus (including section 2255) proceeding. Otherwise AEDPA's limitations on collateral attack would be set at naught.").

However, the Supreme Court in *Gonzales* also recognized that certain issues presented in Rule 60(b) motions do not merit construal as successive petitions. *Gonzales,* 125 S.Ct. at 2648; *Dunlap,* 301

F.3d at 876 ("It is only when Rule 60(b) conflicts with AEDPA that it is unavailable to a prisoner ... [not when, for example,] the state procured dismissal of a prisoner's first federal habeas corpus proceeding by making fraudulent representations to the district court...."). Whether a Rule 60(b) motion is properly considered a successive petition hinges on whether the arguments presented in the motion constitute a claim, as the term claim is used in § 2244(b). The Court determined that a petitioner brings a "claim" when his motion "attacks the federal court's previous resolution of a claim *on the merits." Gonzales,*, 125 S.Ct, at 2648. The Court distinguished the case where a Rule 60(b) motion attacks "some defect in the integrity of the federal habeas proceedings." *Id.* In those cases-- cases where no "claim" is presented--"there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application." *Id.* "If neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." *Id.*

The reasoning of *Gonzalez v. Crosby* has been extended to § 2255 motions which implicate similar concerns of successiveness. *United States v. Scott,* 414 F.3d 815, 816 (7th Cir.2005).  Thus, where a motion challenges a perceived "defect in the integrity of the proceedings" under § 2255, a Rule 60(b) motion is appropriate.

Here, Love contends that the Rule 60(b) petition is not a "claim" at all but rather an attempt to have the court do what, in his view, it did not do in its ruling on his §2255 petition, that is decide the merits of ground nine (9) of his petition wherein he asserted that the jury was improperly instructed on the elements of the offense.  Love's contention that he is attempting to correct a procedural misstep by the court, *might* have some merit; that is, if the court, had, in fact, not addressed his contention or

3

overlooked it completely. But, this is not what occurred. At page 5 of the court's Opinion on Love's 2255 petition, the court wrote:

> Love argues two additional grounds not properly raised in a 2255 motion as they are non-constitutional grounds that Love could have raised on direct appeal but did not. ...in ground nine, he argues that the jury was not properly instructed in one element of the offense. Both of these arguments are clearly non-constitutional issues and nothing prevented Love from raising them on direct appeal. However, he failed to do so and is therefore precluded from raising them in his 2255 Motion.

It is true enough that the court refused to decide the merits of Love's challenge to the jury instructions in ground nine but, it did not overlook that a ground nine existed in his filings. Instead, the undersigned explained that this issue was required to be raised on direct appeal and, the absence of it from the direct appeal, bars this court from hearing it later. Accordingly, then, Love's present motion does not set forth a "defect in the integrity of the proceedings" in the Court's decision to deny relief under 28 U.S.C. § 2255. Instead, the Rule 60(b) motion attempts to repeat the same substantive arguments made in his original § 2255 motion, an argument that this court found was precluded by failing to raise the issue on appeal. As a result, Love's Rule 60(b) motion raises a claims for relief rather than challenges to defects in a prior collateral review proceeding, and is treated as a successive § 2255 motion that is subject to 28 U.S.C. § 2244(b). *See Gonzalez,* 125 S.Ct. 2641.

In sum, the Court finds that because Love's motion attacks the substance of the Court's resolution of his prior petition under §2255 claims on the merits, it lacks jurisdiction to entertain the motion without authorization from the United States Court of Appeals for the Seventh Circuit. *See* 28 U.S.C. 2244(b)(3); *Gonzalez*, 125 S.Ct. at 2649 ("a Rule 60(b) motion that seeks to revisit the federal court's denial *on the merits* of a claim for relief should be treated as a successive habeas petition."). ACCORDINGLY, Love's "Rule 60(B) Motion for relief" is DISMISSED for lack of jurisdiction.

4

Entered: March 24, 2006

                                                          s/William C. Lee
                                         United States District Court
                                        Northern District of Indiana